FRANK HOFFMAN v. ALEXANDER LYNBURN.

*Taxes—Equalization—Records of supervisors—Evidence—Apportionment of State tax—Highway assessment.*

1. If, in equalizing the assessment rolls of the several townships of a county, there was no occasion to add to or deduct from the valuations as assessed, the only requirement of section 993, Comp. Laws 1871, was that there be entered upon the record of the board of supervisors the aggregate valuation of the taxable real and personal property of each township, as determined by the board, and, where such an entry appears, the presumption arises that no such deductions or additions were found necessary or were made; citing *Chamberlain v. City of St. Ignace,* 92 Mich. 332.

2. The presumption in favor of the regularity of the equalization proceedings is not rebutted by showing that, if the State tax were computed upon the basis of the equalization, the tax levied upon the land in dispute would amount to 40 cents, whereas the amount levied was but 21 cents.

3. Section 997, Comp. Laws 1871, provided that the supervisors should ascertain and determine the amount of money to be raised by tax for county purposes, and apportion such amount, and also the amount of State tax required to be raised, among the several townships in the county, in proportion to the valuation of the taxable property therein for one year, as equalized by the board, which determination and apportionment should be entered at large on their records.    And it is held that a resolution providing that a specified amount of State and county tax should be assessed on the rolls of the several townships, naming them, and placing opposite the name of each the amount of State and county tax required to be assessed, and giving the total of said taxes respectively, was a sufficient compliance with the statute, it not being shown that the apportionment to the several townships was unequal.

4. Under said statute the board was not required to determine the amount of State tax to be raised, but simply to apportion the State tax, in ascertaining the amount of which it had reference to the certificate of the Auditor General showing the amount of State tax apportioned to its county, which certificate was not required to be spread upon the record of the proceedings of the board, and which, in the absence of proof

to the contrary, it will be presumed to have followed in making such apportionment.

5. In an action of ejectment involving the validity of a tax deed issued on a sale of the land for the taxes of 1872, the record of the highway commissioners showed that it was voted that the highway tax should be assessed at $1 on $100; also that the clerk should make the rolls. The assessment roll was not introduced, but the inference that the assessment was made as a money tax, and not as highway labor, was sought to be drawn from said record. And it is held that the action of the commissioners was to be evidenced by the roll; that, under the statute then in force, a day's work was deemed for some purposes the equivalent of $1; that the fact that in giving preliminary instructions to the clerk the commissioners so treated it, instead of using the expression "one day's labor," does not create the presumption that their subsequent action in preparing the roll itself was irregular, and that they disregarded the statute; that, if they did, the roll itself would be the best evidence of that fact, and, if it was itself regular, the preliminary instruction would not invalidate it.

Error to Oscoda. (Simpson, J.) Argued January 23, 1895. Decided April 2, 1895.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Phillips & Jenks,* for appellant.

*M. J. Connine,* for defendant.

MONTGOMERY, J. This is an action of ejectment. Plaintiff, to establish his title, introduced a patent from the State of Michigan and sundry *mesne* conveyances by which a *prima facie* title was vested in himself prior to the commencement of suit. The defendant introduced tax deeds from the Auditor General to himself for the taxes of 1872 to 1880, inclusive. Plaintiff thereupon undertook the burden of overcoming this *prima facie* title of defendant, derived under his tax deeds, by showing irregularity in the proceedings to assess and spread the taxes for the

different years. The circuit judge apparently considered that the plaintiff had succeeded, at the close of the testimony, in showing jurisdictional errors in all the years except 1872, but upheld the defendant's title, based upon the sale for the taxes of that year. We are to consider the correctness of the holding of the circuit judge in this respect.

The errors alleged in this year are that the record of the board of supervisors fails to show a proper equalization; that the proceedings of the board in spreading the State tax are irregular; and that the evidence shows that the highway tax, which was assessable in labor, was in fact assessed as a money tax.

1. The equalization, as appears by the record of the board of supervisors, is as follows:

" *Resolved*, that we determine the aggregate valuation of the taxable real and personal property of the several townships of Alcona county to be as follows, namely:

| | |
|---|---|
| Harrisville township | $ 896,000 00 |
| Alcona township | 257,444 75 |
| Greenbush township | 212,640 04 |
| Total | $1,366,084 79 " |

The statute in force at the time this action was taken relating to equalization was section 993, Comp. Laws 1871,[1] which provided that—

" The board of supervisors in each county shall, at their session in October in each year, examine the assessment roll of the several townships, and ascertain whether the relative valuation of the real estate in the respective townships has been equally and uniformly estimated. If, on such examination, they shall deem such valuation to be relatively unequal, they shall equalize the same by adding to or deducting from the valuation of the taxable property in the township or townships such an amount as in their judgment will produce relatively an equal and uniform valuation of the real estate in the county, and the amount

---

[1] How. Stat. § 1027.

added to or deducted from the valuation in each township shall be entered upon the records. They shall also cause to be entered upon their records the aggregate valuation of the taxable real and personal property of each township, ward, or city in their county, as determined by them."

As was said in *Boyce v. Sebring*, 66 Mich., at page 217:

"It is only where the valuation of the real estate is relatively unequal that the board is authorized to add to or deduct from the aggregate amount assessed in a township."

And in *Chamberlain v. City of St. Ignace*, 92 Mich., at page 335, it was said:

"If there be no occasion to add to or deduct from the assessed valuations, then the only requirement is that there shall be entered upon the record 'the aggregate valuation of the taxable real and personal property of each township in their county, as determined by them."

This was done in the present case, and the equalization must be held valid.

It is said that the proceedings show that, if the State tax were computed upon the basis of the equalization, that spread upon the property in question would amount to 40 cents, whereas but 21 cents is levied for a State tax; and we are asked to infer that there must have been a deduction from the assessed valuation. But we do not think the presumption in favor of the regularity of the proceedings can be thus overcome.

2. The statute relating to the apportionment of the State tax (section 997, Comp. Laws 1871)[1] reads:

"Said board shall also ascertain and determine the amount of money to be raised by tax for county purposes, and apportion such amount, and also the amount of State tax required to be raised, among the several townships in the county, in proportion to the valuation of the taxable property therein for one year, as equalized by the board,

[1] How. Stat. § 1031.

104 Mich.—32.

which determination and apportionment shall be entered at large on their records."

The apportionment in the present case was as follows:

"*Resolved,* that the following amount of State and county tax be assessed on the rolls of the several townships:

|  | State Tax. | County Tax. |
|---|---|---|
| Harrisville township | $1,814 64 | $7,214 00 |
| Alcona township | 521 32 | 2,072 94 |
| Greenbush township | 430 72 | 1,713 01 |
|  | $2,766 68 | $11,000 00" |

We think this was a sufficient compliance with the statute. It is urged that it does not show the amount of State tax authorized to be raised. By this we suppose is meant the amount certified by the Auditor General. But the answer to this is that this certificate is not required to be spread upon the record of the proceedings of the board, and it will be presumed that the board followed the certification of the Auditor General, in the absence of proof. It is to be noted that the board is not required to determine the amount of State tax to be raised, as in case of the county tax, but is simply required to apportion the State tax, and, to ascertain the amount of this, the board has reference to the certificate of the Auditor General, which is placed on file. By this apportionment, the total tax spread appears upon the record, and the apportionment to the townships is not shown to be unequal.

3. There was assessed against the land $2 highway tax, and this is claimed to be illegal, for the reason that the assessment was made as a money tax, and not as highway labor. The assessment roll was not introduced, but the inference is sought to be drawn from the record of the highway commissioners of the township, which reads as follows:

"May 24, 1872, the board of commissioners met and voted that the highway tax for 1872 be assessed at $1 on

$100; also, that the clerk make the rolls, and render an account for the same when completed."

The highway law in force when this proceeding was had will be found in sections 1220, 1221, 1228, and 1241 of the Compiled Laws of 1871. Section 1220 provides for an estimate and assessment of highway labor by the commissioners,—*first,* the poll tax; *second,* not exceeding one day's work for every $100 valuation of property,—and provides that—

"The commissioners shall affix to the name of each person named in the lists furnished by the overseers and not assessed upon the assessment roll, and also to each valuation of property within the several road districts, the number of days which such person or property shall be assessed for highway labor."

Section 1221 provides that—

"The clerk of the board of commissioners shall, under their direction, make duplicates of the several lists, which shall be subscribed by the commissioners, one of which lists for each road district shall be filed by such clerk in his office, and the other shall be forthwith delivered to the overseer of highways of the district in which the highway labor therein specified is assessed."

Section 1228 provides that—

"Every person liable to work on the highways shall work the whole number of days for which he shall have been assessed; but every such person, other than an overseer, * * * may elect to commute for the same, or any part thereof, at the rate of $1 for each day."

Section 1241 provides that the supervisor shall cause the arrearages of labor to be levied on the lands returned, estimating the same at $1 for each day.

It will be seen that the preliminary direction by the board to its clerk, which is set out in the record, is not provided for by statute, nor is it the record contemplated by statute. The action of the commissioners is to be evidenced by the roll. Is the fact that the direction was

given in this form enough to create the presumption that the roll itself was irregular? We think not. Under the statute, a day's work was deemed for some purposes the equivalent of $1; and the fact that in giving the preliminary instructions to its clerk the board so treated it, instead of using the expression "one day's labor," we think, does not create the presumption that the subsequent action of the board in preparing the roll itself was irregular, and that the board disregarded the law. Certainly, if it did, the roll itself would be the best evidence of the fact, and it cannot be said that if the roll, which is the action contemplated by statute, was itself regular, this preliminary instruction would invalidate it.

It is also said that the action shows that the board delegated the authority to make the lists to the clerk. But it has already been sufficiently indicated that this action was preliminary, simply; and the statute in terms authorizes the making of the lists by the clerk under the direction of the board.

We think the plaintiff has failed to show the invalidity of the tax of 1872, and the judgment will be affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.